IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER THOMACK,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.                                        Civil Action No. 1:13CV31
                                                      (STAMP)
WEST VIRGINIA UNIVERSITY
HOSPITALS, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND REMANDING CIVIL ACTION TO THE
CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

I. Procedural History and Facts

The plaintiff, Christopher Thomack, filed this civil action in the Circuit Court of Monongalia County, West Virginia against the above-named defendant as a class action brought on behalf of a class of former patients or patient representatives who, within the last five years, requested medical records from the defendant, West Virginia University Hospitals, Inc. ("WVUH"), and paid the fees charged by the defendant to obtain those records. The plaintiff alleges that the class members were charged forty cents per page plus a $10.00 search fee, but received only a compact disc, and not a paper copy, worth less than $1.00.

Count I claims that the defendant has violated West Virginia Code § 16-29-1. The plaintiff contends that this section sets forth certain costs that medical providers may recover from

patients and patient representatives and that WVUH's fees go beyond that amount. The plaintiff asserts that the violative charges, amounting to $514.40, charged by WVUH affected not only him but all other patients who had to request medical records within five years of the filing of this action.

Count II sets forth a violation of public policy claim. The plaintiff states that the public policy of West Virginia is that residents of the state should have access to their own medical records and thus healthcare providers should encourage residents to participate in their own medical care. The plaintiff alleges that the defendant violated this public policy by overcharging the plaintiff and others within the class.

Count III is a claim for breach of implied contract against the defendant. The plaintiff asserts that by seeking medical care from the defendant, he entered an implied contract which required the defendant to document the care the plaintiff received and provide copies of that documentation. Because the plaintiff and other class members sought medical care from WVUH, the plaintiff asserts that the defendant breached the implied contract by refusing to produce copies of the medical records for a reasonable fee.

Finally, Count IV is a declaratory judgment request asking the Court to declare that West Virginia Code § 16-29-1 limits the amount that WVUH may charge patients, or patient's representatives,

for copies of their medical records.  Further, the plaintiff requests that the Court declare that WVUH is precluded from charging more than the costs associated with locating the records beyond the $10.00 search fee authorized by statute.

The defendant then filed a notice of removal in this Court, stating that this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

The plaintiff filed a motion to remand, arguing that his claims are not removable because the amount in controversy does not meet the required $5,000,000.00 threshold amount set by CAFA, or, in the alternative, that this action falls within one of the exceptions set forth by CAFA.

The plaintiff first contends that the defendant's use of the plaintiff's $514.40 charge for all prospective class members cannot be used.  Rather, the plaintiff argues, every claim is unique as to the amount charged by WVUH and will need to be evaluated individually.

The plaintiff also contends that this case falls within one or more of the mandatory exceptions to CAFA, the "home state" exception and/or the "local controversy" exception.  The former exception requires that two-thirds or more of the members of the plaintiff class, and the primary defendant(s), are located within the state in which the action was filed.  The plaintiff contends that it currently has no way of showing that two-thirds or more of

3

the members of the plaintiff class are located within the state of West Virginia.  As to the latter exception, the "local controversy" exception, the plaintiff asserts that all elements are met except, however, there has been a failure in proving that two-thirds of the plaintiff class are located within the state.

Finally, the plaintiff asserts that this Court could grant remand under CAFA's discretionary exception which authorizes federal courts to decline jurisdiction as a matter of discretion.  The plaintiff contends that several of the factors are met, but again that the greater than two-thirds element requires more investigation and proof.

The defendant filed an opposition to the plaintiff's motion to remand asserting that removal was proper.  The defendant contests that the amount in controversy is at a minimum $12,955,502.40.  In making this claim, the defendant cites authorities that allow the calculation of aggregate damages to consist of the amount of damages alleged in the complaint of the named plaintiff multiplied by the total number of potential class members.  Further, the defendant cited a United States Senate Committee Report regarding CAFA's aggregation provisions which stated that federal courts should err in favor of exercising jurisdiction over the case if uncertain about what the sum of the amount in controversy would be.  Thus, the defendant contends that the aggregated amount reached by

using the plaintiff's sum of $503.40$^{1}$ should be used and multiplied against the defendant's statistic that 25,736 persons requested medical records and paid for them in the past five years.  Thus, based on that computation, the defendant requests that the motion for remand be denied.

In response to the plaintiff's concerns about the calculation, the defendant notes that the cases that have used these aggregation amounts, Kearns, Chavis, and Martin, were not relying on specific allegations as to the value of the plaintiff's claim.  Instead, the values given were mere averages or damages caps given by the plaintiff.

Further, in response to the plaintiff's pleading as to the exceptions to CAFA, the defendant argues that the plaintiff has not met his burden as to either mandatory exception.  Instead, WVUH has offered proof that 47.1% of the potential class members are not West Virginia citizens, defeating the "home state" exception.  In addition, WVUH contends that the "local controversy" exception is also defeated because WVUH is a regional healthcare system serving several states and thus this action would affect not just the state of West Virginia, and further, this action involves a matter of national importance.

---

[1]The defendant uses the sum of $503.40 which does not include the $10.00 search fee or the cost of the $1.00 compact disc.

The plaintiff, in reply, reiterated that WVUH in its response still fails to quantify the amount in controversy. The plaintiff points to the lack of evidence of the actual amount the patients, or their representatives, were charged. The plaintiff further responded by again reviewing the cases Kearns and Chavis; stating that these cases used specific allegations of value to determine that the amount in controversy met the CAFA threshold. Finally, the plaintiff reasserted his claim that this Court may still grant discretionary remand because this action is in fact a matter of state importance rather than of national importance.

Having reviewed the parties' pleadings and the relevant law, this Court finds that original jurisdiction does not exist under CAFA. Accordingly, the plaintiff's motion for remand must be granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The Class Action Fairness Act ("CAFA") confers original jurisdiction on district courts over class actions in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A); and (3) "there are 100 or more

plaintiff class members," id. § 1332(d)(5)(B). West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 174 (4th Cir. 2011). The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy. 28 U.S.C. § 1332(d)(6).

The burden of establishing the $5,000,000.00 jurisdictional threshold amount in controversy rests with the defendant. See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) (concluding that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal). This Court has consistently applied the "preponderance of evidence" standard to determine whether a removing defendant has met its burden of proving the amount in controversy. The well-settled test in the United States Court of Appeals for the Fourth Circuit for calculating the amount in controversy is "'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, F.2d 568, 569 (4th Cir. 1964)). Accordingly, in this case, the defendant must show by a preponderance of the evidence that the pecuniary interest, in the aggregate, of either party is greater than $5,000,000.00. Under the statute, "one defendant may remove the entire action, including claims against all defendants." Lowery v. Ala. Power Co., 483 F.3d 1184, 1196 (11th Cir. 2007).

Removal jurisdiction is strictly construed. If federal jurisdiction is doubtful, the federal court must remand. Mulcahey

v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

### III. Discussion

A. Amount in Controversy

The plaintiff has alleged that the defendant overcharged him $503.40, after subtracting the finding fee and the $1.00 for the compact disc cost. Because of the amount charged by WVUH, the plaintiff claims that WVUH has violated West Virginia Code § 16-29-1.

In determining the amount in controversy, this Court looks to the plaintiff's complaint. Strawn, 530 F.3d at 298. The plaintiff does not state in his complaint that the lead plaintiff's claim is the average or the maximum charge that a patient, or patient representative, would be billed. Instead, the complaint states only what Mr. Thomack was charged by WVUH individually.

In Kearns and Chavis, the plaintiffs gave an average damage amount (in the former) and a maximum damage amount (in the latter). Kearns, No. CV05-5644, 2005 WL 3967998, at *5 (C.D. Cal. Nov. 21, 2005); Chavis, 415 F. Supp. 2d 620, 627 (D.S.C. 2006). Both courts found that based on the purported number of class members, the $5,000,000.00 amount in controversy was clearly met. Id. In Kearns, the district court found that the "average of $1,080 per vehicle" multiplied by the 79,000 CPO cars that were sold by the defendant dealership, would easily meet the amount at a sum of

8

$85,000,000.00. Kearns, 2005 WL 3967998 at *5. The court in Chavis used a similar method and found that based on the plaintiffs' maximum damages number of $50,000.00 per member, and their assertion that there would be greater than 100 members in the class, that the final sum of $500,000,000.00 could be used. Chavis, 415 F. Supp. 2d at 627.

Those cases are clearly distinguishable, however, from this case where the plaintiff has set forth a specific amount that accounts for his damages individually. The plaintiff has made no claim as to an average damages amount nor as to a maximum amount of damages sought per class member. Thus, the defendant's assertion that the plaintiff's damages amount can be used for each class member provides only a "mere possibility that the requirement could be met." Caufield, 803 F. Supp. 2d 519, 528 (S.D. W. Va. 2011) (stating that a mere possibility is not enough to give the court jurisdiction).

Further, the defendant cites the case of Martin. Martin v. State Farm Mutual Auto. Ins. Co., No. 3:10-0144, 2010 WL 3259418 (S.D. W. Va. Aug. 18, 2010). However, that case does not help the defendant to reach its burden either. In Martin, for instance, the two plaintiffs sought $100,000.00 each in a wrongful denial of insurance case and had stated that there would be two sub-classes of at least 100 members. Martin, 2010 WL 3259418, at *5. The plaintiffs in Martin had argued that the $100,000.00 should not be

9

used to conduct the amount in controversy calculation because the sum for other plaintiffs may be less if a member had underinsured motorist coverage. Id. The district court noted, however, that it was unlikely the demand would be less because neither the named plaintiffs nor similarly situated members of the class had the underinsured motorist coverage. Id. at n.2. Thus, the district court found that remand should not be granted because the plaintiffs' claims of $100,000.00 per named plaintiff could be imposed to other members of the plaintiff class. Id. at *5.

On the other hand, in this case, the plaintiff's damages are not of the kind that can be easily imposed on other members of the plaintiff class. Depending on the number of documents a patient or representative requested, the amount of damages could change drastically. For example, a person who only needed ten pages, would have been charged the $10.00 finding fee, the $1.00 for the compact disc, and $4.00 for the actual documents that were distributed to that patient. The final figure, $15.00, would be much different than the amount claimed by the plaintiff of $503.40.

Finally, the defendant argues that the Senate Committee Report that was used in Kearns should be given weight, directing this Court to err on the side of denying remand. Kearns, 2005 WL 3967998, at *6 (citing S. Rep. No. 109-14). However, the court in Kearns also noted that committee reports should not be given superior weight to the text of the statute themselves. Id. at *4.

The Kearns court noted the previous standard when discussing the burden placed on the removing party, even though CAFA had not specifically laid the standard out in the text. Id. Further, the court reiterated that "the Court ordinarily presumes that Congress acted with knowledge of that precedent" (referring to precedent that allocated "the burden of proof upon removal and upon motion to remand to the removing party"). Id. (citing Lorillard v. Pons, 434 U.S. 575, 581 (1978); Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir. 1992)).

Consequently, the defendant's argument would actually shift the burden to the plaintiff and would change the preponderance of the evidence standard now in place. Thus, it seems that although the Kearns court used the Senate Committee Report in its reasoning for allowing the combined calculations, the implication that the defendant would like to draw from its use cannot stand because of its affect on the burden of persuasion placed on the removing party.

B. CAFA Exceptions

Because this case can be remanded based on the amount in controversy element, this Court declines to discuss the CAFA exceptions that the plaintiff had set forth in his motion to remand and the defendant addressed in its briefing.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Circuit Court of Monongalia County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Monongalia County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 3, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE